UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ALORSIOUS FEDRICK,** )<br>)<br>Plaintiff,     )<br>)<br>v.                    )   Case No.: 1:20-cv-1145<br>)<br>)<br>**COGNOSANTE, LLC,** )<br>)<br>Defendant.   )<br>_____ / | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Alorsious Fedrick ("Plaintiff" or "Fedrick"), through undersigned counsel, and files his Complaint and Demand for Jury Trial against Defendant, Cognosante, LLC ("Defendant" or "Cognosante"), and states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, *et seq.* (hereinafter the "ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* ("TCHR") to redress Defendant's unlawful employment practices against Plaintiff, including wrongful termination. Plaintiff alleges that Defendant engaged in an ongoing pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systemically.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

3. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367, as this action also involves state law question regarding the deprivation of Plaintiff's civil rights.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff is a citizen of the United States, and is and was at all times material, a resident of the State of Texas, Williamson County.

6. Defendant, a Texas For-Profit Organization with its principal place of business located at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On November 14, 2019, Plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's discrimination charge was filed within the required amount of days after the alleged unlawful employment practices occurred.

11. On August 24, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue against Defendant.

12. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant for approximately two (2) years.

14. At the time Plaintiff's employment was terminated he held the position of Product Owner.

15. Plaintiff's job duties included, but were not limited to, ensuring Defendant's clients' needs the client's needs are satified.

16. Plaintiff is African American.

17. Plaintiff's was forty-seven (47) years old at the time of his termination.

18. Plaintiff was the only African American Product Owner on his project out of a team of seven (7).

19. Plaintiff's project assignment was the Community Care Referrals and Authorization (CCRA), with the Veteran's Health Administration.

20. Each Product Owner was assigned a product scrum team. A product scrum team included: developers, a tester, a scrum master, and a business analysist.

21. Plaintiff was subjected to disparate treatment and discrimination due to Plaintiff's age with regards to the terms and conditions of his employment.

22. Similarly situated younger employees were treated more favorably than Plaintiff during Plaintiff's employment.

23. Plaintiff was subjected to disparate treatment and discrimination due to Plaintiff's race regarding the terms and conditions of Plaintiff's employment.

24. Similarly situated non-African American employees were treated more favorably than Plaintiff during Plaintiff's employment.

25. For example, due to Plaintiff's age and race, Defendant failed to provide Plaintiff with adequate resources.

26. During Plaintiff's first year of employment he was not assigned a product scrum team. By contrast, at all times the other six (6) Product Owners had a full product scrum teams.

27. Plaintiff complained about the lack of resources to Jennifer Parker, Product Manager; however, Defendant never provided any explanation or remedy for the disparate treatment.

28. To took Defendant nearly a year into Plaintiff's employment to finally assign him a product scrum team.

29. That same spring, Plaintiff received a performance evaluation and he met all expectations and goals.

30. In July 2019, Ms. Parker communicated via Skype to Plaintiff and assigned Plaintiff the task of training Gabrielle Marchiani.

31. Ms. Marchiani previously worked in the software training and deployment team.

32. Ms. Parker is Caucasian and approximately thirty (30) years old.

33. Ms. Marchiani is Caucasian and approximately twenty-five (25) years old.

34. Ms. Park informed Plaintiff that he would be training Ms. Machiani to become a Project Owner, and upon completion of her training, she would operate in a separate team due to the fact the Product Owner from her consulting firm had recently resigned from the Product Owner role owned by Ms. Machiani's firm.

35. On September 16, 2019, Ms. Burke terminated Plaintiff's employment due to an alleged reduction in force.

36. No other Project Owners were terminated during the reduction in force.

37. Upon information and belief, Ms. Marchiani was assigned Plaintiff's position and assumed all of Plaintiff's responsibilities.

38. Defendant's illegal conduct has damaged Plaintiff.

39. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Age-Based Discrimination in Violation of the ADEA**

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

41. At all times relevant to this action, Plaintiff was in a protected category under the ADEA because of Plaintiff's age of forty-seven (47) years old.

42. At all times relevant to this action, Plaintiff was qualified for the position of Project Owner.

43. Defendant is prohibited under the ADEA from discriminating against Plaintiff because of Plaintiff's age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

44. Defendant intentionally terminated Plaintiff due to his age.

45. Defendant replaced Plaintiff with a person outside of his protected class.

46. Defendant violated the ADEA by unlawfully targeting and discriminating against Plaintiff based on Plaintiff's age.

47. Defendant's illegal conduct has damaged Plaintiff.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count II: Retaliation in Violation of the ADEA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

51. Plaintiff engaged in protected activity under the ADEA on more than one occasion while employed by Defendant.

52. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity, specifically his repeated reports regarding the discrimination and hostile work environment Plaintiff was experiencing.

53. Defendant's conduct violated the ADEA.

54. Plaintiff has satisfied all statutory prerequisites for filing this action.

55. Defendant's discriminatory conduct, in violation of the ADEA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count III: Age-Based Discrimination in Violation of the TCHR

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

59. At all times relevant to this action, Plaintiff was in a protected category under the TCHR because of his age, forty-seven (47) years old.

60. At all times relevant to this action, Plaintiff was qualified for the position of Project Owner.

61. Defendant is prohibited under the TCHR from discriminating against Plaintiff because of his age with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

62. Defendant intentionally terminated Plaintiff due to his age.

63. Defendant replaced Plaintiff with a person outside of his protected class.

64. Defendant violated the TCHR by unlawfully targeting and discriminating against Plaintiff based on Plaintiff's age.

65. Defendant's illegal conduct has damaged Plaintiff.

66. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

67. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count IV: Race-Based Discrimination in Violation of Title VII

68. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

69. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's race, African American.

70. At all times relevant to this action, Plaintiff was qualified for the position of Project Owner.

71. Defendant is prohibited under Title VII from discriminating against Plaintiff because of Plaintiff's race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

72. Defendant similarly situated non-African American employees more favorably than Plaintiff.

73. Defendant intentionally terminated Plaintiff due to his race.

74. Defendant replaced Plaintiff with a person outside of his protected class.

75. Defendant violated Title VII by unlawfully targeting and discriminating against Plaintiff based on Plaintiff's race.

76. Defendant's illegal conduct has damaged Plaintiff.

77. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

78. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count V: Retaliation in Violation of Title VII

79. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39above.

80. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

81. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity, specifically Plaintiff's repeated reports regarding the discrimination and hostile work environment Plaintiff was experiencing.

82. Defendant's conduct violated Title VII.

83. Plaintiff has satisfied all statutory prerequisites for filing this action.

84. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

85. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

86. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**Count VI: Race-Based Discrimination in Violation of the TCHR**

87. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

88. At all times relevant to this action, Plaintiff was in a protected category under TCHR because of Plaintiff's race, African American.

89. Defendant is prohibited under TCHR from discriminating against Plaintiff because of Plaintiff's race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

90. Defendant violated TCHR by unlawfully targeting and discriminating against Plaintiff based on Plaintiff's race.

91. Defendant intentionally discriminated against Plaintiff based on Plaintiff's race.

92. Defendant's illegal conduct has damaged Plaintiff.

93. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

94. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count VII: Retaliation in Violation of the TCHR

95. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

96. Plaintiff engaged in protected activity under the TCHR on more than one occasion while employed by Defendant.

97. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

98. Defendant's conduct violates the TCHR.

99. The Plaintiff has satisfied all statutory prerequisites for filing this action.

100. Defendant's discriminatory conduct, in violation of the TCHR, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

101. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

102. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric D. Rogers**
Eric D. Rogers
Texas Bar Number: 24110628
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*